State *v*. Edwards.

------

THE STATE, Respondent, *vs.* EDWARDS, Appellant.

1. A party indicted is not a competent witness for another party jointly indicted.

2. A conviction cannot be shown by parol evidence; nor can a judge take judicial notice of a conviction before him in another county in the same circuit.

3. The omission of the word "did" in an indictment for a misdemeanor, before the words "assault, beat and maltreat," *held* not fatal, and the addition of the words "with intent," *held* mere surplusage.

State *v.* Edwards.

*Appeal from Washington Circuit Court.*

Wm. Edwards and others were indicted under the sixth section of the seventh article of the act concerning crimes and punishments, (R. C. 1845.) The indictment is set out in the opinion of the court. Before trial, Wm. Edwards applied for and obtained a change of venue to Washington county. Other defendants took a change of venue to other counties. At the trial of Edwards, he called as witnesses two of the parties who were indicted with him. He offered to show by oral testimony that a *nol. pros.* was entered as to one, and it was admitted to be within the knowledge of the court that the other had been tried and convicted in another county in the same circuit. The court refused to permit them to testify, no record being produced. The defendant was convicted, and after motions for a new trial, and in arrest of judgment, appealed to this court.

*J. G. Beal,* for appellant.

*D. Q. Gale,* for the State.

RYLAND, Judge, delivered the opinion of the court.

In this case, there are several minor questions which I will dispose of, before I mention the only one of any importance. In the first place, the persons whom the defendant introduced and wished to have examined as witnesses for him, were properly excluded by the court. They were parties to the indictment—co-indictees, and as such were not competent witnesses for their fellow-defendant. The defendant's counsel offered to prove, by parol evidence, that one of these persons had been convicted, and to the prosecution against the other a *nolle prosequi* had been entered, and contends, in this court, that the court below ought to have admitted these persons as witnesses, because the fact of the conviction of the one, and a *nolle prosequi* as to the other, were known to the court before which this trial was going on; the judge thereof having been the same judge before whom, as a court in another county, these proceed-

ings were had. To state this proposition, is enough to make the absurdity thereof apparent.

As to the objections taken to the instructions given for the State, they are untenable. All the defendant's instructions were given, and nothing now remains to be considered except the motion in arrest, on account of the indictment. The main question, therefore, in the case, arises upon the sufficiency of the indictment. This indictment is as follows :

" State of Missouri, county of St. François. In the Circuit Court, November term, A. D. 1852. The grand jurors of the state of Missouri, empanneled, sworn and charged to inquire within and for the body of the county of St. François aforesaid, upon their oath present, that Jesse Edwards, John B. Clardy, William Edwards, Jackson Edwards, John Freeman and William Nelham, all late of the county of Ste. Genevieve, heretofore, to-wit, on the third day of November, in the year of our Lord one thousand eight hundred and fifty-two, with force and arms, at and in the county of St. François aforesaid, did unlawfully, riotously and routously assemble and gather together, to the number of three or more persons, with intent then and there, with force and violence, in a violent and turbulent manner, to do an unlawful act, that is to say, with force and violence, unlawfully and in a violent and turbulent manner, to assault, beat and maltreat one Stephen L. Page, and being so assembled and gathered together, unlawfully, riotously and routously, with intent then and there, with force and violence, in a turbulent and violent manner, assault, beat and maltreat one Stephen L. Page, in the peace, then and there being, and other wrongs to the said Stephen L. Page, then and there unlawfully, with force and violence, and in a violent and turbulent manner, did, to the great terror and disturbance of all the good people of St. François county aforesaid, then and there being, in contempt of all law, to the evil example of all persons in like cases *pending*, contrary to the form of the statute, in such case made and provided, against the peace and dignity of the state of Missouri."

State *v.* Edwards.

This indictment is drawn in a careless manner, without regard to that precision and professional accuracy which should always be used in the preparation of such instruments. Indeed, it is a source of painful regret, to notice the general want of skill so often manifest before us, in criminal cases, in the drawing of indictments. This, no doubt, often happens from the haste with which such matters are prepared on the circuits, and from the want of books and other conveniences necessary for the calm and deliberate performance of such duties.

The omission in this indictment consists of the neglect to insert the word " did" before the words " assault, beat and maltreat one Stephen L. Page, in the peace then and there being, and other wrongs," &c., so as to make the sentence read thus : " With force and violence, in a turbulent and violent manner, " did" assault, beat and maltreat," &c. We are inclined to think that this word " did" may, in this indictment, be supplied by intendment.

In indictments for misdemeanors merely, such intendment is often resorted to. The strictness and rigor in the construction of indictments for felonies, are not applied uniformly to indictments for mere misdemeanors. In the case of the *State* v. *Halder*, 2 McCord, 377, the omission to insert the word "did" before the words " feloniously utter and publish, dispose and pass" was held fatal, and the judgment was arrested. This indictment was for a felony.

In the case of the *State* v. *Whitney*, 15 Ver. 298, which was an indictment for a misdemeanor, selling liquor by the small measure, without license, the word " did" was omitted, which should have been joined with the words " sell and dispose of." This omission was held not to be fatal on motion in arrest of judgment. Bennett, J., in delivering the opinion of the court, said : " In this indictment, it is alleged that the respondent, on the first day of August, A. D. 1842, at, &c., sell and *dispose* of, &c. It is evident the omission is purely a clerical one ; the auxiliary verb may be supplied by intendment."

There was no necessity to supply this auxiliary verb, " did," before one of the verbs used in this sentence above quoted, viz : the verb, " beat." Leaving out the words " assault and maltreat," and using the verb, " beat," alone, and the charge is positive and direct. The words in the beginning of this sentence "with intent," may be rejected as surplusage ; they do not injure the indictment, being no part of the description of the offence, and may be stricken out, leaving the offence full and complete. But it is very clear that the words " assault, beat and maltreat" express all the action which is imputed to the defendant, and no one can misapprehend their sense in the connection in which they are used, and the helping verb will at once be supplied by intendment. In the case of the *King* v. *Stevens &* *Agnew*, 5 East, 260, Lord Ellenborough said : " If the sense be clear, nice exceptions ought not to be regarded." In respect of this, Lord Hale says, (2 Hale P. C. 193 ;) " more offenders escape by the over easy ear given to exceptions in indictments, than by their own innocence, and many heinous and crying offences escape by these unseemly niceties, to the reproach of the law—to the shame of the government, and to the encouragement of villainy, and the dishonor of God."

Upon the whole, it is the opinion of this court, that the judgment below be affirmed ; and, the other judges concurring, it is affirmed accordingly.