# THE STATE v. CHARLES W. McGRAY and SAMUEL I. BARNETT, Appellants.

### Division Two, June 5, 1925.

**INCOMPETENT WITNESS: Joint Indictee: No Discharge: Waiver:** Where two or more persons are jointly indicted for the same felony, one of them is incompetent to testify for the State over the objection of the others, unless he is previously discharged. Even though the court rules that he cannot be compelled to testify, but can do so of his own volition, and informs him that he is jointly indicted with the other defendants and cannot be made to testify or to incriminate himself but if he desires voluntarily to testify he has the right to do so, he is incompetent to testify for the State, over the objections of the other defendants, under the provisions of the statute (Sec. 4035, R. S. 1919); and to permit him to testify for the State, while said indictment is still pending, before he is either discharged, tried or sentenced, is reversible error against the other objecting defendants.

Corpus Juris-Cyc. References: Criminal Law, 16 C. J., Section 1412, p. 691, n. 94.

Appeal from Jackson Circuit Court.—*Hon. Thomas B. Buckner,* Judge.

REVERSED AND REMANDED.

*Edgar J. Keating* for appellants.

The court erred in permitting Thomas W. Asbury to testify as a witness for the State, over appellants' objection and exception, while the witness was still jointly charged with appellants in the same information. Sec. 4035, R. S. 1919; State v. Chyo Chiagk, 92 Mo. 395; State v. Walker, 98 Mo. 95; State v. Steifel, 106 Mo. 129; State v. Conway, 241 Mo. 271; State v. Walls, 262 Mo. 110; State v. Reppley, 278 Mo. 233; State v. Folger, 154 Mo.

App. 1; State v. Seward, 247 S. W. 151; State v. Hayes, 247 S. W. 165.

*Robert W. Otto,* Attorney-General, and *J. Henry Caruthers,* Assistant Attorney-General, for respondent.

(1) The information is sufficient. Sec. 3307, R. S. 1919; State v. Eddy, 199 S. W. 187. (2) The incompetency of a co-defendant to testify against a co-defendant can only be waived by the co-defendant then on trial and not by the one offering to testify. Sec. 4035, R. S. 1919; State v. Seward, 247 S. W. 154; State v. Hayes, 247 S. W. 167. (3) Due to the error of admitting the testimony of co-defendant Asbury before his case was disposed of by acquittal or conviction, a new trial should have been granted.

RAILEY, C.—The information on which this case was tried, omitting caption and verification, reads as follows:

"Now comes H. P. Ragland, Assistant Prosecuting Attorney for the State of Missouri, in and for the body of the County of Jackson, and upon his oath informs the court that Thomas W. Asbury, Lloyd Spencer, C. W. McGray, and Sam I. Barnett, whose Christian names in full are unknown to said prosecuting attorney, late of the county aforesaid, on the 28th day of July, 1924, at the County of Jackson, State of Missouri, with force and arms, in and upon one Tony Lenge, unlawfully and feloniously did made an assault, and one diamond setting ring, one cape, one white-gold wrist watch, one hundred and ninety three dollars in lawful money of the United States; ten dollars in lawful money of the United States, thirteen dollars in lawful money of the United States, one buick touring-car automobile, of the value of fourteen hundred and sixty-three ($1463) dollars, of the money and personal property of the said Tony Lenge, from the person, in the presence and against the will of the said Tony Lenge, then and there by force and violence to the

person of the said Tony Lenge, and by putting the said Tony Lenge in fear of an immediate injury to his person, feloniously did rob, steal and carry away; against the peace and dignity of the State.

"H. P. RAGLAND,

"Assistant Prosecuting Attorney."

It appears that a severance was granted defendant Lloyd Spencer. The other three defendants were arraigned and entered pleas of not guilty. A trial was had before a jury on September 22, 1924, and the following verdict returned:

"We, the jury find the defendant C. W. McGray and Sam I. Barnett, guilty of robbery in the first degree as charged in the information, and leave the punishment to the court.

"FRANK DOWD, Foreman."

Thereupon the court fixed the punishment of each of the above defendants at fifteen years in the State Penitentiary. Thereafter, said defendants, McGray and Barnett, filed motions for a new trial and in arrest of judgment, both of which were overruled. Thereafter judgment was rendered and said defendants appealed to this court.

A serious question is raised by appellants as to the competency of their co-defendant, Thomas W. Asbury, to testify as a witness in behalf of the State, over their objection, while he was jointly charged with appellants, and without having been discharged under the provisions of Section 4035, Revised Statutes 1919. The testimony on the part of the State and defendants, including that of Thomas W. Asbury, is correctly and substantially stated by counsel for respondent, as follows:

"That between one-thirty and two o'clock on the morning of the 29th of July, 1924, Tony Lenge, his wife, Mabel Lenge, Miss Anna Jones and Charles Cochrane drove up to the Lenge garage at the back of their apartment at 1215 East Tenth Street, Kansas City, Jackson County, Missouri, and as Mrs. Lenge got out of the Buick touring car, in which they were riding, to open the ga-

rage doors, three men stepped from behind the garage, covered them with guns and ordered 'hands up,' and the three bandits, who had handkerchiefs tied over their faces, got in the car. As they started to drive away, another man stepped up on the running board and, as he stepped up, his mask dropped off and Tony Lenge recognized him to be Thomas Asbury, whom they had known for some time. Asbury, upon being recognized, jumped off the car and left. The other three bandits drove the car on down to Thirteenth and Illinois and then ordered the witness and his three companions to get out. They obeyed and walked about a half block and called the police. They then got in a car and drove home.

"The bandits took one hundred and ninety-three dollars from Mrs. Lenge, four dollars from Mr. Lenge, thirteen dollars from Anna Jones and ten dollars from Charles Cochrane, together with a wrist watch, a cape, a diamond ring, and some pearl beads. All the articles except the money were returned to the owners by a messenger boy about ten days later.

"None of the witnesses who testified for the State, except Thomas Asbury, were positive as to the identification of either of the defendants. The only one they were positively able to identify was Thomas Asbury.

"It was shown by Thomas Asbury, a codefendant, that on the night of the 28th of July he, defendants McGray and Barnett, and a man named Spencer, were at the Lenge garage on the night of the robbery when the Lenges and their companions drove up in their car; that witness stepped on the running board of the car and after staying there about twenty or thirty seconds jumped off and went on home. Witness had a conversation with defendant McGray about the watch he had taken and McGray told him he wanted twenty-five dollars to buy the watch back as he could return it to the owner. Witness gave him ten dollars in the presence of his brother, Archie Asbury, and later sent him five dollars by his brother Archie. Witness did not send the articles stolen back to the owners by a messenger boy.

"The evidence on behalf of the defendants tended to prove the following:

"That Amelia Allen, a bookkeeper and stenographer for the Eastern Auto Radiator Company, who lived in the same house with the defendants, saw these defendants on the night of July 28th at 1305 Cherry Street; that she talked to them as late as twelve o'clock that night and then went to her room; that it was probably thirty minutes after she left them, before they went to their room, and they did not leave any more that night; that if they had left she could have heard them, as her room was right next to theirs."

The instructions and rulings of the court, as far as necessary, will be considered in the opinion.

I.   It is contended by appellants that the court erred in permitting Thomas W. Asbury to testify as a witness

Incompetent Witness.

for the State, over the objections and exceptions of appellants, while he was still jointly charged with appellants in the same information. At the trial, Thomas W. Asbury was sworn as a witness for the State, and thereupon H. P. Ragland, Assistant Prosecuting Attorney, who filed the information, suggested to the court that Asbury was a codefendant and could not testify for the State as long as this charge stood against him. The court ruled that Asbury could not be made to testify, but could do so of his own volition. Thereupon counsel for appellants objected to the competency of Asbury as a witness for the State under the circumstances aforesaid. This objection was overruled and an exception saved to this ruling. Thereupon the court said:

"Mr. Asbury, you are one of the codefendants in this case, charged jointly with the defendants on trial for this offense. You cannot be compelled to testify or to incriminate yourself. The Constitution guarantees you that protection, but if you desire to testify voluntarily you have the right to do so."

With the above knowledge imparted to Asbury by the court he voluntarily testified as a witness for the State while being jointly charged with appellants.

Counsel for the State, in their brief, concede that Prosecutor Ragland was right, and contend that error was committed by the court in permitting Asbury to testify as a witness for the State, over the objection of appellants, while he was still jointly charged with them in the information.

We are clearly of the opinion that both Ragland and counsel for respondent reached proper conclusions in holding that Asbury was an incompetent witness for the State under the circumstances aforesaid. [Sec. 4035, R. S. 1919; State v. Chyo Chiagk, 92 Mo. 395; State v. Steifel, 106 Mo. 129; State v. Weaver, 165 Mo. l. c. 12; State v. Conway, 241 Mo. 271; State v. Walls, 262 Mo. l. c. 110; State v. Reppley, 278 Mo. l. c. 337 and fol.; State v. Seward, 247 S. W. (Mo.) l. c. 154; State v. Hayes, 247 S. W. (Mo.) 165.]

Section 4035, Revised Statutes 1919, provides, that: "When two or more persons shall be jointly indicted or prosecuted, the court may, at any time before the defendants have gone into their defense, direct any defendant to be discharged, that he may be a witness for the State . . . "

The plain provisions of this statute, and the above cases construing same, leave no room for cavil or doubt as to the incompetency of Asbury to testify as a witness for the State over the objection of appellants on the facts disclosed in this record. The trial court committed reversible error in permitting Asbury to testify for the State over defendant's objection while he was still jointly charged with appellants in the information.

II. We have fully considered the other matters discussed by appellants in their brief, but as they are not likely to arise on the re-trial of the case, we have not deemed it necessary to review them here.

On account of the error heretofore pointed out, the cause is reversed and remanded. *Higbee, C.*, concurs.

PER CURIAM:—The foregoing opinion of RAILEY, C., is adopted as the opinion of the court. All of the judges concur.