THE STATE v. ROBERT FORD, Appellant.—143 S. W. (2d) 289.

Division Two, September 27, 1940.

*Roy McKittrick*, Attorney General, and *B. Richards Creech*, Assistant Attorney General, for respondents.

ELLISON, P. J.—Appellant was convicted in the circuit court of the City of St. Louis of robbery in the first degree in violation of Sec. 4058, R. S. 1929, Mo. Stat. Ann., p. 2856, committed upon another negro, Charles Royal. The punishment assessed by the jury was imprisonment in the penitentiary for five years. He has been permitted to appeal as a poor person, and has filed no brief. The errors assigned in his motion for new trial below assail the information and complain: because appellant's codefendant was permitted to testify; because his *voir dire* examination of the jury panel was unduly restricted; of the exclusion of competent evidence; of the giving and refusal of instructions; and that the verdict is unsupported by substantial evidence.

The information is on a printed form used by the Circuit Attorney's office in St. Louis. It conforms to the statute and numerous precedents.

The charge therein was laid against appellant and one Hubert Crutcher. A severance was granted the day before the trial. Appellant's trial having proceeded throughout the morning, after the noon recess Crutcher was called by the State as a witness. Appellant's counsel objected because Crutcher was a codefendant, but indicated he knew the witness intended to plead guilty. The court informed counsel Crutcher had already entered a plea of guilty, but that sentence had been deferred. .The rest of appellant's oral objection is not clear, but apparently he was complaining because he had not been informed as to the steps taken in Crutcher's case and because complete disposition had not been made thereof by the assessment of punishment and pronouncement of sentence. In the motion for new trial the errors assigned are that Crutcher was permitted to plead guilty during the noon recess; that the court announced the fact (as just stated) in the hearing of the jury; and then gave an instruction hypothesizing appellant's guilt as an aider and abettor of Crutcher.

The witness was not rendered incompetent because his plea of guilty was taken after appellant's trial had started, or because sentence was deferred. It was enough that the plea was entered before he was offered and sworn. [State v. Jackson, 106 Mo. 174, 177, 17 S. W. 301; State v. White (Mo. Div. 2), 126 S. W. (2d) 234, 235(2).] Neither was it necessary to inform appellant's counsel in advance of that incident. Further, we see no reversible error in the

884

trial court's announcement before the jury that Crutcher had pled guilty. In the first place, the record is not clear that the jury was present. But even if it was, appellant voluntarily engaged in the colloquy with the court and made no objection whatever at the time to the court's statements, other than to the ruling itself.

In his *voir dire* examination of the jury panel appellant's counsel said: "there are certain elements that constitute the crime of robbery. . . . You are in a position to distinguish between assault and robbery, are you not? . . . You know the difference between assault and robbery? You would give the defendant the benefit of the court?" The assistant circuit attorney conceded there is a distinction between the two crimes but objected to the form of the question as confusing because assault is comprehended within forceable robbery, and the court sustained the objection. The court did not rule out all inquiries of that nature. Appellant's counsel made no effort to recast his question. Reversible error cannot be predicated on such trivialities. But we think the questions were improper for another reason. Counsel may not implant in the jury's minds the idea that they should independently draw legal distinctions. They must be guided by the court's instructions on such questions.

The State clearly made a prima facie case of robbery in the first degree with a deadly weapon, although there were some contradictions in the testimony. Appellant's assignment to the contrary is not well taken. The prosecuting witness, Charles Royal, apparently a man past-middle age, testified he was in a crap game at a "good time place" on Clark Street between 1:00 and 2:00 o'clock on the night of June 7, 1939. He quarreled with the man Crutcher, heretofore mentioned, and the latter knocked him down and departed. A few minutes later Royal started home. On the way Crutcher, appellant and another man ran up behind him and Crutcher and knocked him down again. Then appellant ran his hand in the witness' left pocket, cut the pocket loose from his pants with a knife, and took $2.80 in silver therefrom, which was all he had except a dime that fell down into his shoe. The pants were exhibited to the jury. The witness saw the knife in appellant's hand. While the robbery was going on "they" kicked him. The next afternoon he went to a doctor, found he had three ribs broken, and then complained to the police, who arrested appellant and Crutcher. There was partial corroboration of the story from two other witnesses.

Another assignment of error complains because the court refused to permit appellant to introduce testimony impeaching Royal and another witness. These witnesses had testified at Crutcher's preliminary hearing and their testimony was preserved in a shorthand transcript. It was the alleged exclusion of this testimony of which appellant complains. But the record here shows the reporter read

*all* of what both witnesses said, at least all that was asked for. So there is no substance to the contention.

The remaining two assignments charge that the trial court erred in giving to the jury on its own motion designated instructions; and in refusing to give designated instructions requested by appellant. All these instructions are copied in the motion for new trial but no reason is assigned why their giving or refusal was erroneous. This is insufficient under Sec. 3735, R. S. 1929, Mo. Stat. Ann., p. 3275, to preserve them for review. [State v. Bailey, 320 Mo. 271, 278, 8 S. W. (2d) 57, 59(6); State v. Thompson (Mo. Div. 2), 29 S. W. (2d) 67, 70(7); State v. Shuls, 329 Mo. 245, 253, 44 S. W. (2d) 94, 97 (11); State v. Vigus (Mo. Div. 2), 66 S. W. (2d) 854, 856(5).]

We find no error in the record proper, so it results that the judgment must be, and is, affirmed. All concur.