**STATE of Missouri, Respondent,**

v.

**Larry BLEVINS, Appellant.**

No. 52258.

Supreme Court of Missouri,
Division No. 1.

May 13, 1968.

Norman H. Anderson, Atty. Gen., Jefferson City, Michael P. Riley, Sp. Asst. Atty. Gen., Jefferson City, for respondent.

Ben J. Martin, Springfield, for appellant.

WELBORN, Commissioner.

Larry Blevins, charged with burglary and grand stealing, was found guilty of the latter charge and sentenced, under the second offender act, to three years' imprisonment. He appeals.

At approximately 2:15 A.M., June 16, 1965, a Springfield policeman in the course of his rounds discovered that the rear door of the Martin Brothers Piano Company store was broken and ajar. At least one television set was found by the piano company employees to be missing.

On August 2, 1965, a Kansas City detective found the missing television set, identified by model and serial number, at an apartment in Kansas City. The set had been given to the occupant of the apartment by his daughter who had purchased it for $150 on June 17, 1965 at her apartment, adjoining her father's, from Tom Williams, Larry Blevins and Charles Fox.

Blevins, Williams and Fox were charged jointly by information in the Greene County Circuit Court with burglary and stealing of the television set. Blevins was tried separately. Williams testified on behalf of the state and it is from his testimony that the questions presented on this appeal arise.

After Williams had testified that he, Fox and Blevins had driven to the Martin Brothers store in Fox's Thunderbird, counsel for Blevins objected to his testifying further on the grounds that he was a "co-conspirator * * * who has been charged jointly with the defendant Blevins * * *." In discussion at the Bench, the prosecuting attorney stated that Williams had "pled guilty" and was under "presentence investigation" in the case. On that basis, the court concluded that the witness should be permitted to testify.

Following the conference and in the presence of the jury, the prosecuting attorney asked Williams whether he had been charged with burglary and grand stealing from the Martin Brothers Piano Company.

"A. Yes, sir.

"Q. Will you tell the jury what the status of that charge is now; have you pled guilty or not guilty, or what?

"A. I pled guilty.

"Q. You have pled guilty to the charge?"

Thereupon, Blevin's attorney objected that evidence that the witness had pled guilty was inadmissible and a mistrial was requested. The court asked "the jury to

disregard that statement, for the present." The request for a mistrial was overruled.

Williams proceeded to testify to breaking into the store, the taking of television sets and the subsequent sale of one of them in Kansas City. His testimony implicated Blevins in the entire matter.

On this appeal, defendant contends that the trial court should have sustained his motion for a mistrial when Williams, in response to the prosecuting attorney's question, told the jury that he had pled guilty to the offense with which he and defendant had been jointly charged. Our cases have laid down the rule that a defendant jointly charged with others cannot, in a separate trial of one of his codefendants, testify for the state. State v. Chyo Chiagk, 92 Mo. 395, 4 S.W. 704; State v. Reppley, 278 Mo. 333, 213 S.W. 477; State v. McGray, 309 Mo. 59, 273 S.W. 1055; § 546.-280, RSMo 1959, V.A.M.S., Criminal Rule 26.07, V.A.M.R. However, when the charge against the codefendant has been disposed of by a plea of guilty by the codefendant offered as a witness, the disqualification no longer exists, although no sentence has been pronounced on the plea. State v. Ford, 346 Mo. 882, 143 S.W.2d 289; State v. Jackson, 106 Mo. 174, 17 S.W. 301. Inasmuch as the question of qualification of a witness is for the court, not the jury (State v. Stidham, Mo.Sup., 305 S.W.2d 7, 58 Am.Jur., Witnesses, § 212, p. 145), there was no necessity for the jury to be informed of the status of the charge against Williams. The question is whether or not the prosecution's eliciting such testimony is prejudicial error.

Appellant relies upon cases such as State v. Aubuchon, Mo.Sup., 381 S.W.2d 807, State v. Castino, Mo.Sup., 264 S.W.2d 372, and State v. Stetson, Mo.Sup., 222 S.W. 425, as authority for the proposition that the admission of the evidence in this case was prejudicial error. Those cases all involved evidence showing that a suspected codefendant of the defendant on trial had been found guilty. However, in none of these cases was the evidence of the disposition of the charge against the codefendant elicited from the codefendant himself. That the question presented in such a case is not the same as that presented in the cases relied upon by defendant is indicated by State v. Turner, Mo.Sup., 272 S.W.2d 266, 48 A.L.R.2d 1008. In that case, the state called as witnesses two persons who had been jointly charged with the same burglary for which the defendant was tried. The prosecuting attorney elicited from the witnesses that they had received two-year sentences for their participation in the offense with which the defendant on trial was charged. The court held that this testimony was not prejudicial to the defendant. In so concluding the court observed that the defendant's objection at trial was not timely, having come after the question which sought the information had been answered, the same situation here presented. In Turner, the court further stated (272 S.W. 2d 270[8]):

"But, assuming otherwise and that it was error to admit the evidence, it is difficult to see how it prejudiced the defendant. The guilt of Estes and Green was conceded by defendant. The fact that they were under sentence had nothing whatever to do with the guilt or innocence of the defendant. He received the minimum sentence under the statute, so it could not have been prejudicial as to the punishment meted out to him."

We cannot say in the present case that the defendant conceded Williams's guilt. As for the jury's verdict evidencing prejudice, defendant was tried as an habitual criminal and the jury did not fix his punishment. However, the jury made no finding on the charge of burglary, thereby acquitting defendant on that charge. State v. Barbour, 347 Mo. 1033, 151 S.W.2d 1105, 1107[2, 3].

The prejudicial effect of evidence that a codefendant had been convicted would vary, depending largely upon the use made

of such evidence. When the state relies upon such information as some evidence of the guilt of the defendant on trial, its use and admission would be prejudicially erroneous. In State v. Aubuchon, supra, evidence of the conviction of the alleged accomplice was so used by the prosecuting attorney. Here, the trial judge directed the jury to disregard the testimony about Williams's plea and there is no complaint that the prosecuting attorney pursued the matter further or in any way attempted to make use of such testimony, other than to qualify the witness in subsequent proceedings outside the presence of the jury.

In a case such as this, where the testimony is elicited from the codefendant in the course of his testimony on behalf of the state, it is difficult to see how the knowledge that the codefendant had pled guilty is any major practical enlargement of the knowledge derived from the judicial admission of guilt in his testimony. In State v. Hodgson, 44 N.J. 151, 207 A.2d 542, 549[12], this view was taken on the subject here under consideration. The court stated:

"* * * The reference to their pleas could hardly have had any effect on the jury adverse to the defendant beyond their admittedly evidential descriptions of the defendant's participation with them in the crime."

■ Under the circumstances here involved, where the testimony was elicited from the codefendant as a witness, where the objection came after the testimony has been given and where the trial judge directed the jury to ignore the testimony, we are of the opinion that the trial court did not abuse its discretion in denying defendant's motion for a mistrial.

In connection with the timeliness of the objection, we point out that, in contrast with the situation in State v. Aubuchon, supra, a timely objection prior to the presentation of the testimony would appear to have been possible in this case. When the prosecuting attorney's questioning of the witness approached the actual events of the evening in question, defendant's attorney objected outside the presence of the jury on the grounds that the witness was a codefendant. At a conference at the Bench, the prosecuting attorney stated that the witness had pled guilty. When the court allowed the interrogation to proceed, the witness was asked whether he had been arrested for a crime after June 16, 1965, and whether he had been charged with burglary and stealing from the Martin Brothers Piano Company. Both questions were answered affirmatively. There should have been no surprise to defense counsel in the question which immediately followed, and which is quoted above, about the status of the charge. However, no objection was made when the question was asked and none to the answer given until a repetitious inquiry by the prosecuting attorney on the subject. In such circumstances, the trial court's conclusion that the only relief to which the defendant was entitled was a direction to the jury that the testimony be disregarded is not to be lightly ignored.

■ Appellant also contends that the trial court erred in permitting Williams to testify before he had been qualified by showing that the charge against him had been disposed of and further to the procedure of qualifying the witness by asking him on the stand what the status of his case was. The general rule is that the competency of a witness must be determined before he testifies. 58 Am.Jur., Witnesses, § 212, p. 145. However, this is a matter to be brought to the court's attention by objection. 97 C.J.S., Witnesses, § 115, p. 524. Here, there was no objection when Williams was called and sworn as a witness and some 27 questions were asked before objection was raised on the 28th question. (Defendant's motion for a new trial asserts that objection to Williams's testifying was made prior to his being called as a witness. The transcript shows no objection at that time.)

That Williams was jointly charged with defendant must have been known to defendant and his counsel. When objection was raised, the prosecuting attorney advised the court that Williams had pled guilty. On that basis, the court permitted the interrogation to continue. In these circumstances, defendant is in no position to complain of the timeliness of the trial court's passing on the question. As for the method of showing the witness's qualification to testify, we have stated previously that the matter should not have been aired to the jury. When the court, out of the presence of the jury, announced that the witness's answer would be allowed to stand on the issue of his competency, no objection based upon the best evidence rule (see State v. Edwards, 19 Mo. 674) was made, so the evidence was before the court for its consideration. State v. Parker, 324 Mo. 734, 24 S.W.2d 1023, 1026[9, 10]; 23A C.J.S. Criminal Law § 1078, p. 69. In addition the court announced that it would take judicial notice of its records in the case, as it had a right to do on the issue of the witness's competency, State v. Jackson, 106 Mo. 174, 17 S.W. 301. Although the method pursued was somewhat irregular, such result was in part a consequence of the defendant's failure to raise the competency issue before the witness testified. In any event, the defendant does not now assert that the trial court's conclusion as to the witness's competency was, in fact, erroneous. The irregularity of the procedure does not appear to have prejudicially affected the defendant.

Matters of record, examined pursuant to Criminal Rule 28.02, V.A.M.R., are free from error.

The judgment is affirmed.

HOUSER and HIGGINS, CC., concur.

PER CURIAM:

The foregoing opinion by WELBORN, C., is adopted as the opinion of the Court.

All of the Judges concur.