STATE of Missouri, Respondent,

v.

Virgil Ray MORGAN, Appellant.

No. 54688.

Supreme Court of Missouri,
Division No. 2.

May 11, 1970.

John C. Danforth, Atty. Gen., Jefferson City, Charles B. Blackmar, Spec. Asst. Atty. Gen., St. Louis, for respondent.

Michael P. Riley, Jefferson City, for appellant.

STOCKARD, Commissioner.

Defendant, charged under the Second Offender Act with robbery in the first degree by means of a dangerous and deadly weapon, was found guilty by a jury and sentenced by the court to imprisonment for a term of ten years with credit for jail time.

A detailed statement of the evidence is not necessary. On October 7, 1968, at 11:30 o'clock p. m., two men, identified as Jimmy Pace and David Warfield, armed with a pistol and a sawed-off shotgun robbed the Holiday Inn south of Jefferson City of $202.50. Warfield testified that defendant furnished the shotgun, and that during the robbery he waited outside the Holiday Inn in an automobile with the motor running. After the robbery all three drove to defendant's house and divided the money.

The first contention is that the trial court erred in allowing defendant only eight peremptory challenges instead of twelve.

The offense with which defendant was charged was punishable by "death, or * * * by imprisonment * * * for not less than five years." See § 560.135. (All statutory references are to RSMo

1959, V.A.M.S., unless otherwise stated). By reason of § 546.490, punishment by imprisonment could extend to "imprisonment during his natural life." Prior to impaneling the jury the prosecuting attorney announced that the State waived the imposition of the death penalty. The defendant objected to the panel on the basis that there was not a sufficient number for him to receive twelve peremptory challenges. This was overruled and defendant was permitted only eight peremptory challenges.

Paragraph 1 of § 546.180, applicable except in cities which have a population of over one hundred thousand inhabitants, provides as follows:

"1. In all criminal cases the state and the defendant shall be entitled to a peremptory challenge of jurors as follows:

(1) If the offense charged is punishable by death or by imprisonment in the penitentiary for life, the state shall have the right to challenge six and the defendant twelve, and no more;

(2) In all other cases punishable by imprisonment in the penitentiary the state shall have the right to challenge four and the defendant eight and no more; * * *."

In State v. Naylor, 328 Mo. 335, 40 S. W.2d 1079, the defendant was charged with murder, second degree, for which the authorized penalty was "imprisonment in the penitentiary for not less than ten years," but which by reason of what was then § 4457 (RSMo 1929) and is now § 546.490, could have been life imprisonment. The authorized penalty did not include death. The court carefully considered the legislative history of § 3674 (RSMo 1929), which is now § 546.180, and concluded that the proper construction was that the language in paragraph 1 relative to punishment referred "to the punishment designated in the statute defining the offense and providing the punishment therefor, and as not applying to those offenses for which,

under [then] section 4457 [and now § 546.-490] * * * the punishment may be assessed at life imprisonment, but for which the statute defining the offense does not prescribe such penalty." This has since been the uniform construction of the language of paragraph 1 of § 546.180. State v. Yowell, 331 Mo. 716, 55 S.W.2d 991; State v. Redding, Mo., 357 S.W.2d 103; State v. Barrett, Mo., 406 S.W.2d 602. § 560.135, which defines the offense with which defendant was charged and prescribes the punishment therefor, does not provide for imprisonment for life, but reference must be made to § 546.490 to find provision therefor. By reason of the construction of § 546.180 as set forth above, defendant was not entitled to twelve peremptory challenges on the basis that the offense charged was "punishable * * * by imprisonment in the penitentiary for life."

■ Defendant contends, however, that the offense with which he was charged was "punishable by death," and even though the prosecuting attorney announced that the imposition of the death penalty was waived, he could not bind the court as to the punishment. We do not consider this issue to turn on the question of whether the prosecuting attorney could or could not bind the court as to the punishment. Had it so desired the trial court could have ignored the "waiver of the death penalty" by the prosecuting attorney and directed that the panel consist of thirty jurors. However, it did not do so, but instead permitted a panel of twenty-four jurors. When the panel did not consist of thirty jurors from which defendant could peremptorily challenge twelve jurors, the death penalty could not be imposed, whether the punishment was to be determined by the jury or by the court. Therefore, under the factual circumstances of this case, the "offense charged [was not] punishable by death" within the meaning of § 546.180, and when defendant was afforded eight peremptory challenges he received all to which he was entitled.

Defendant next contends that the court erred in permitting David Warfield to testify for the State because he had previously entered a plea of guilty to the robbery with which defendant was charged but had not been sentenced, and he also was charged with an undisposed offense not related to the robbery.

In State v. Blevins, Mo., 427 S.W.2d 367, the applicable rule was stated as follows: "* * * a defendant jointly charged with others cannot, in a separate trial of one of his codefendants, testify for the state. * * * However, when the charge against the codefendant has been disposed of by a plea of guilty by the codefendant offered as a witness, the disqualification no longer exists, although no sentence has been pronounced on the plea." As affecting his credibility, the defendant could show that Warfield was waiting sentence and that another unrelated charge was pending against him. These circumstances, however, did not result in the testimony of Warfield being inadmissible.

The last contention of defendant is that the verdict "was against the weight of the evidence and the conviction was based on the uncorroborated testimony of an accomplice which lacked probative force and did not amount to substantial evidence."

"A conviction may be had on the uncorroborated evidence of an accomplice unless such testimony is so lacking in probative force as not to amount to substantial evidence." State v. Powell, Mo., 433 S.W. 2d 33, 34. If believed by the jury, the testimony of Warfield clearly authorized a finding that defendant was guilty of the offense charged. As noted above, the fact that Warfield was awaiting sentence and was under charge of another offense were matters to be considered by the jury as affecting his credibility, but those circumstances, as a matter of law, did not destroy the probative force of the testimony so that it did not amount to substantial evidence of defendant's participation in the robbery. The weight of the evidence may be considered by the trial court in ruling on the motion for new trial, but it is not a matter reviewable by an appellate court. State v. Hodge, Mo., 399 S.W.2d 65. This court determines only whether there was substantial evidence to support the verdict, and there obviously was.

The judgment is affirmed.

BARRETT and PRITCHARD, CC., concur.

PER CURIAM.

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All of the Judges concur.