90   156
66a 553

90   156
136   38

## THE STATE v. JACKSON, *Appellant.*

1. **Forgery** : INDICTMENT. An indictment for forgery containing two counts and founded on Revised Statutes, sections 1394 and 1399, held sufficient.

2. ———— : VARIANCE. A variance on such trial between the note offered in evidence and the one described in the indictment, because of the omission from such description of a memorandum of the name of an agent in whose hands it had been placed for collection, held immaterial.

3. **Evidence** : EXISTENCE OF CORPORATION. The existence of a corporation, when in issue on the trial of a criminal cause, can be proved by general reputation to that effect. R. S. sec. 1915.

The State v. Jackson.

4 **Criminal Practice** : VERDICT. A general verdict is sufficient on the trial of an indictment, containing two counts, when the latter relate to the same transaction, or when each one is framed on a different section of the statute relating to the same offence.

*Appeal from Jasper Circuit Court.*—HON. M. G. McGREGOR, Judge.

AFFIRMED.

*T. B. Haughawout* for appellant.

*B. G. Boone*, Attorney General, for the state.

(1) The indictment is sufficient. (2) Mere extraneous matter, constituting no part of the instrument charged to have been forged, need not be set forth in the indictment. 1 Whar. Crim. Law (8 Ed.) 733 ; 2 Bishop Crim. Proc. (3 Ed.) secs. 403, 407 ; *Buckland v. Com.*, 8 Leigh (Va.) 732 ; *Com. v. Bailey*, 1 Mass. 62 ; *Com. v. Ward*, 2 Mass. 397 ; *Hess v. State*, 5 Ohio, 5. (3) In criminal cases the existence of a corporation may be proved by general reputation. R. S., sec. 1915 ; *State v. Tucker*, 84 Mo. 23 ; *People v. D'Agincourt*, 95 N. Y. 624 ; (4) The general verdict of guilty was sufficient. *State v. Scott*, 39 Mo. 424 ; *State v. Pitts*, 58 Mo. 556 ; *State v. Hollenscheit*, 61 Mo. 302.

NORTON, J.—Defendant was indicted in the Jasper county circuit court for forgery. The indictment contains two counts, the first of which charges forgery in the third degree, and is founded on section 1394, Revised Statutes. The second count is based on section 1399, and charges the uttering of a forged instrument. The defendant was acquitted on the second count and convicted on the first, and brings his case before us by appeal. There being neither assignment of errors nor brief of counsel on the part of defendant we will notice such exceptions as the record informs us were taken to the action of the circuit court in the trial of the cause, the

first of which is the refusal of the court to quash the indictment on defendant's motion.

The indictment is drawn in strict conformity to sections 1394, 1399 and 1406, Revised Statutes, and substantially alleges that defendant wilfully, feloniously and with intent to cheat and defraud, did falsely make and forge a certain instrument of writing, to-wit: a promissory note purporting to be the act of one C. W. Johnston, a fictitious name and fictitious person, by which a pecuniary demand and obligation was created for the payment of one hundred and twenty-five dollars by the said Johnston to the order of the Continental Insurance Company of New York, a corporation organized under the laws of New York, which said false instrument and note is of the tenor following. The indictment then sets out the note which we here omit. The indictment is not lacking in any averment necessary to prefer the charge of forgery in the third degree, and is, therefore, sufficient.

During the trial the note alleged to have been forged was offered in evidence, and objected to on the ground that it was not a note, and that there was a variance between it and the note described and set out in the indictment. Neither of these grounds of objection was well taken. The writing offered in evidence obligated C. W. Johnston to pay to the insurance company one hundred and twenty-five dollars and the mere fact that the name of one Graves was written on the note by the company after it was delivered to it, to indicate the agent in whose hands it was placed for collection, created no variance, inasmuch as, in describing the note in the indictment, it was not necessary to set that fact forth. 1 Wharton Crim. Law (8 Ed.) sec. 733, where it is said: "Matter purely extraneous need not be set forth. Thus in setting forth a counterfeit bank note literally in an indictment for feloniously passing the same, it was held that the omission of an indorsement appearing to have been made

on the note after it was issued was no variance.   And so of the omission of an indorsement on a promissory note.''

On the trial the state offered evidence to show by general reputation the existence of the insurance com-pany.   This was objected to and the objection overruled, and, we think, properly, as, by section 1915, Revised Statutes, it is provided that, if on the trial in a criminal case, '' the existence, constitution or powers of a corpo-ration shall become material, or be in any way drawn in question,   *   *   *   the same may be proved by general reputation or by the printed statute book of the state, government or county by which such corporation was created.''

Exception was also taken to the action of the court in giving and refusing instructions.   The court of its own motion gave several instructions which fully em-braced the law governing the case and were as favorable to defendant as the facts of the case warranted, in one of which the jury were directed to acquit the defendant on the second count of the indictment.   The instructions asked by defendant, in so far as they embraced correct principles, were embraced in the instructions given by the court of its own motion.

It is also insisted that the judgment should be re-versed because the jury returned a general verdict of guilty.   Under the ruling of this court in the cases of *State v. Pitts*, 58 Mo. 556; *State v. Hollenscheit*, 61 Mo. 302; and *State v. Scott*, 39 Mo. 424, a general verdict is sufficient when the two counts in one indictment relate to the same transaction, or when each count is framed on a different section of the statute relating to the same offence.

Upon the whole record we find no error justifying an interference with the judgment and it is hereby affirmed with the concurrence of the other judges.