**STATE of Missouri, Respondent,**

**v.**

**Jean Bottinger WEED, Appellant.**

**No. 44388.**

Supreme Court of Missouri.

Division No. 1.

Oct. 11, 1954.

James L. McMullin, Kansas City, for appellant.

John M. Dalton, Atty. Gen., Winston Cook, Asst. Atty. Gen., for respondent.

HYDE, Judge.

Defendant was convicted of forgery, second degree, and sentenced to six years in the penitentiary. She was allowed to appeal as a poor person and has filed no brief here. In accordance with Rule 28.02, 42 V.A.M.S., we examine matters previously considered part of the record proper and also the grounds of error stated in the motion for new trial.

We find the indictment sufficient, the verdict in proper form, allocution granted, and the judgment and sentence responsive to the verdict. (See Sections 561.080, 561.090, and 561.330 RSMo 1949, V.A.M.S.) The record shows nothing about arraignment but this does not show reversible error because the record does show that defendant was tried as if she had been arraigned and entered a plea of not guilty. Rule 25.04, 42 V.A.M.S.; see

also State **v.** Clemons, 356 Mo. 514, 202 S.W.2d 75; State v. Hefflin, 338 Mo. 236, 89 S.W.2d 938, 103 A.L.R. 1301. Furthermore, defendant announced ready, when her case was called and went to trial without objection. See State v. Vallo, Mo. Sup., 33 S.W.2d 899; State v. Robinett, 312 Mo. 635, 281 S.W. 29; State v. Allen, 267 Mo. 49, 183 S.W. 329.

■ Defendant was a bookkeeper for the American Wiper and Waste Mills, a partnership, in Kansas City and was charged with forging a check for $2,540 on the firm with which she purchased a diamond ring. There was ample evidence of the forgery including the denial of Leonard Wacknov (the partner whose name appeared on the check) that he signed it, the testimony of a handwriting expert that it was not the signature of ·Leonard Wacknov, testimony that defendant used the check to get the ring and $100 in cash, and defendant's signed confession of the forgery. Defendant, however, contends that her motion for judgment of acquittal should have been sustained on the ground that there was no evidence of an essential element of the state's case, namely: that the Merchant's Bank of Kansas City, upon which the check was drawn, was a corporation; and also alleges as error the admission of hearsay evidence of this fact. These assignments (grounds 2, 3, 4, 5 and 10 of the motion for new trial) are wholly without merit. Section 546.300 RSMo 1949, V.A.M.S. specifically provides that it shall not be necessary to prove the existence of a banking corporation by producing a certified copy of its charter "but the same may be proved by general reputation". This fact (that the bank was a corporation) was shown here by evidence of general reputation, by testimony of its cashier, and by testimony of a lawyer from his investigation of the records. See State v. Dowling, 360 Mo. 746, 230 S.W.2d 691 and cases cited.

Defendant also contends (ground No. 1, motion for new trial) that defendant was prejudiced by the discharge of a jury in her case in the presence of a new jury panel from which the jury to hear her case was selected. However, there is nothing in the record about this, either prior to the trial or on the hearing of the motion for new trial. This allegation does not prove itself and must be overruled. See State v. Hohensee, 333 Mo. 161, 62 S.W.2d 436; State v. Wright, Mo.Sup., 95 S.W.2d 1157; State v. Hiller, Mo.Sup., 208 S.W.2d 265.

■ Defendant also alleges error (grounds 6, 7, 8, 9, 11 and 15, motion for new trial) in admitting in evidence her confession as to both the forgery charged and other forgeries of checks on the firm and in admitting other evidence of the other forgeries. This evidence was the testimony of a lawyer (who investigated the forgeries) concerning statements made by defendant and the taking of her confession by a court reporter, the testimony of Leonard Wacknov that he did not sign these checks and the testimony of the cashier of the Merchant's Bank concerning the withdrawals from the firm's bank account on these checks. Defendant was employed by the firm from January to June 10th of 1952 and, according to her confession, during that time forged 46 checks aggregating $32,813.00. Defendant took out and destroyed 41 of these checks when they were returned with the bank statements (they were for larger amounts than shown on the check stub records); but five checks written in May and June were not obtained by defendant and these were offered in evidence. In the first place, no such contentions as are now stated were made at the trial and no such objections were made when the evidence was offered. In fact, without objection, the first witness (a member of the firm) told of checking the firm's bank account in June when he learned it was overdrawn and finding five checks, with his brother Leonard's name on them, written to persons he had never heard of before. He also told of the investigation he made at the bank and of asking defendant about the checks. Not only was no objection whatever made to any of this testimony

but it was then brought out on the cross-examination of this witness by defendant's attorney that there were other destroyed checks and that the firm had made a claim against the bank, on all of the forgeries, in excess of $32,000. Furthermore, a lawyer for the firm thereafter testified without objection as to obtaining defendant's confession in question and answer form, taken by a court reporter at Lawrence, Kansas, in the presence of defendant's attorney, a former Attorney General of Kansas (who was not her attorney at the trial), who had advised defendant "to make a full, complete, fair and accurate disclosure of the entire situation." (This explanation of defendant's confession was likewise brought out at the trial on cross-examination of the witness by defendant's attorney.) Thereafter, this written signed confession of defendant was put in evidence; and it stated in detail that she forged each of the 46 checks and that she obtained money or property for them. Not only was there no objection to this confession being received in evidence but when it was offered defendant's attorney stated: "I have no objection, your Honor."

When the five existing checks were offered, the only objection was: "I object to the introduction of this check in evidence. I feel that is not the best evidence the check is forged. I feel that the check is being improperly introduced for the reason that it has not been proved by the party purporting to sign it, who is available and in the court room, as to whether or not it is his signature." Leonard Wacknov was the next witness called and testified without objection that he did not sign any of the five checks. Likewise, there was no objection to the testimony of the cashier of the Merchant's Bank as to these checks being charged to the firm's account. All of this evidence having been received in the trial court without objection (or any objection now stated) there is nothing before us for review on its admissibility. State v. Robinson, 117 Mo. 649, 23 S.W. 1066; State v. Richardson, 340 Mo. 680, 102 S.W.2d 653; State v. Johnson, Mo.Sup., 248 S.W. 2d 654. Moreover, instruction No. 3 told the jury: "The Court instructs the jury that the evidence introduced as to other transactions, if any, is submitted to your consideration, for the sole purpose of shedding light (if they have that effect) upon the intent and motive of the defendant in the transaction set out in the Indictment in this case, for which she is now on trial, and for no other purpose." This certainly gave defendant all she was entitled to on the record in this case. (As to admissibility of other acts generally, see State v. Hodges, 144 Mo. 50, 45 S.W. 1093; State v. Morro, 313 Mo. 114, 280 S.W. 697; State v. Medley, 360 Mo. 1032, 232 S.W.2d 519; State v. Saussele, Mo.Sup., 265 S.W.2d 290 and cases cited.) Defendant did not testify at the trial.

■ Defendant also complains of instruction 2 (ground 10, motion for new trial) saying it is confusing, argumentative and assumes facts; and of instruction 3 (ground 11, motion for new trial) saying it is a comment on the evidence, argumentative in form and submits evidence erroneously admitted. (We have hereinabove set out and approved what instruction 3 said about other transactions.) These allegations are too general to present anything for review. See Rule 27.20, 42 V.A.M.S.; see also State v. Cooley, Mo.Sup., 221 S.W.2d 480; State v. Kornegger, 363 Mo. 968, 255 S.W.2d 765. Defendant further complains of instruction 4 (ground 12, motion for new trial) saying: "that it singles out and unduly comments on evidence as to admissions and confessions, is argumentative in form and fails to inform the jury that defendant is entitled to have considered by the jury anything she brought out on crossexamination favorable to herself in connection with said admissions and confession." As to the latter, nothing is specified as to what could be referred to as brought out on cross-examination but this was not a part of the law of the case on which the Court was required to instruct, and if defendant desired any instruction on this matter it should have

been requested. Instruction 4 in substance told the jury to consider defendant's statements, if they found they were made and believed them to be voluntary, in the light of the circumstances under which they believed they were made; and that they should be disregarded entirely if they believed they were not voluntary. We hold this instruction could not have been prejudicial, especially since there was no evidence that the statements were not voluntary and ample evidence to show they were, including evidence brought out on cross-examination.

■ Defendant's final contentions (grounds 13 and 14, motion for new trial) are that the punishment was grossly excessive and the result of bias and prejudice. The punishment (6 years) was well within the statutory maximum of 10 years. Section 561.330(2) RSMo 1949, V.A.M.S. From our examination of the record we find these contentions without merit.

The judgment is affirmed.

All concur.