**STATE of Missouri, Respondent,**

v.

**John Edward JOHNSON, Appellant.**

No. 48341.

Supreme Court of Missouri,

Division No. 1.

June 12, 1961.

William H. Costello, John C. Pohlmann, Kansas City, for appellant.

Thomas F. Eagleton, Atty. Gen., James C. Bullard, Sp. Asst. Atty. Gen., for respondent.

COIL, Commissioner.

A jury found John Edward Johnson guilty of robbery in the first degree and the trial court, having found that defendant theretofore had been convicted of a felony as charged under the Habitual Criminal Act, Section 556.280 RSMo 1949, V.A.M.S., sentenced him to 25 years in the state penitentiary. The amended information charged that Johnson had robbed Don Knight. Johnson has appealed and inasmuch as he has filed no brief, we shall examine the seven assignments of error contained in his motion for new trial.

■ Assignment 6 charges that the trial court erred in overruling defendant's motion for judgment of acquittal. A review of the evidence shows that the jury reasonably could have found the facts as they are here stated. During the night of January 9 and the early morning of January 10, 1960, seven men, including Donald Knight, were playing poker in the basement of John Gladson's home. Mrs. Gladson had retired in a first floor bedroom. About four in the morning of the 10th, defendant and three others entered the Gladson home. Defendant first went to Mrs. Gladson's bedroom, awakened her, tied her with a telephone cord, and took her ring. In the meantime, the three other men entered the basement. Their faces were partially covered by red and white bandanas. One carried a shotgun and each of the others carried a pistol. The three took money and other property from the participants in the poker game, made each remove his trousers, and tied all of them, except Gladson, with a clothesline. They took Don Knight's billfold, his watch valued at $100, and $250 in currency, including a "lucky dollar bill." Defendant appeared in the basement, displayed some automobile keys, and asked whose they were. The keys in fact belonged to Ray Roberts, one of the poker players. The four robbers departed in Roberts' Oldsmobile. Shortly thereafter, the Oldsmobile, as well as a 1959 black Chevrolet which defendant had borrowed the day before from his brother-in-law, were found abandoned in a field in the general vicinity of the Gladson home. In and around the Oldsmobile were found a shotgun similar to the

one in the possession of one of the robbers at the time of the holdup and certain clothing similar to that worn by the robbers, including a red and white bandana. Knight's billfold was found in the vicinity of the area where Johnson was arrested. Defendant was apprehended about 9:20 a. m. on the 10th and had in his possession $270.55 in currency, including Knight's "lucky" bill. The three other robbers also were apprehended on the morning of the 10th and the evidence showed the circumstances of their arrests and the money and other articles found in their possession at the time. All four, including defendant, were identified as the perpetrators of the robbery.

■■ The foregoing brief resumé of the evidence serves to demonstrate that there was an abundance of testimony from which a jury reasonably could have found defendant guilty of first degree robbery as charged. It was not necessary that the state adduce evidence tending to prove that defendant personally committed all the acts which constituted the essential elements of the crime charged, i. e., that defendant robbed Knight; it was sufficient that the evidence tended to prove that defendant was actually or constructively present for the purpose of aiding in the commission of the robbery of Knight. State v. Chernick, Mo., 278 S.W. 2d 741, 746 [2]; State v. Butler, Mo., 310 S.W.2d 952, 957 [7–9]. And one who aids in the commission of a crime is guilty as a principal irrespective of whether the evidence tended to show also a conspiracy. State v. Slade, Mo., 338 S.W.2d 802, 805 [4].

Defendant's new trial assignment 1 is that the trial court erred in admitting evidence of "other robberies occurring at the same time and place as the instant case." As we have indicated in the statement above, the evidence tended to show that defendant and his three companions were guilty not only of having robbed Don Knight but were guilty as well of having robbed Mrs. Gladson and some or all of the other six poker players. At the outset counsel for defend-

ant pointed out to the court the fact of the pendency of five other informations jointly charging defendant and certain ones of his companions with having robbed five of the other poker players and he objected to the introduction of any evidence in the present case against defendant which would tend to show Johnson's guilt under the other informations. That objection was overruled and it was agreed that defendant's counsel did not need to repeat it during the course of the trial. As indicated, however, the new trial assignment is confined to the general allegation that the trial court erred in admitting evidence "showing other robberies occurring at the same time and place." Thus we are not now concerned with the admission of specific portions of the evidence which might have been objectionable; we need rule only the general question whether evidence tending to prove defendant and his three companions guilty of robbing Mrs. Gladson and the poker players other than Don Knight was admissible.

■■ It is well established as a general rule that evidence of crimes other than that for which a defendant is on trial is not admissible. There are many exceptions. One, obviously applicable to the present facts, is that such evidence, of course, is admissible where it tends directly to establish the charge for which a defendant is on trial. State v. Fisher, Mo., 302 S.W.2d 902, 905 [2]. As heretofore indicated, to prove that defendant robbed Knight, the state was entitled to adduce evidence tending to show that defendant was present for the purpose of aiding in the commission of the crime of robbery as to Don Knight. And it is apparent that the state's evidence showing the total acts of defendant and his companions on the occasion in question tended to establish that defendant was present for the purpose of participating in the commission of the crime of robbery in the first degree as to Don Knight, even though that same evidence tended to prove that defendant was guilty also of other robberies by virtue of his and his companions' same acts.

New trial assignment 2 complains of the admission of the testimony of witness Graham concerning certain of defendant's actions the day prior to the alleged crime, "when there was no showing of a conspiracy existing between defendant and others charged." The record shows that there was no objection made to any of Graham's testimony. Consequently, defendant properly may not raise the question here. State v. Hernandez, Mo., 325 S.W.2d 494, 496 [3, 4]. Furthermore, and in any event, Graham testified that defendant had borrowed his (Graham's) car the day prior to the alleged robbery and that he, the witness, had seen defendant put a Kansas license plate and a spare tire in the trunk of the witness's black Chevrolet. There was other evidence that shortly after the robbery witness's black Chevrolet was found in a plowed field close to the Oldsmobile in which the robbers had left the Gladson home, and that in the Chevrolet's trunk was a Kansas license plate and a spare tire. Graham's testimony was admissible as circumstantial evidence having some tendency to prove defendant's guilt of the crime charged.

New trial assignment 3 is that the trial court erred in giving instruction 3 for the reasons that it constituted "a variance from the information and assumes facts not proven by competent evidence." Instruction 3 was:

"The Court instructs the jury that all persons are equally guilty who act together with a common intent in the commission of a crime, and a crime so committed by two or more persons jointly is the act of all and of each one so acting.

"The Court instructs the jury that when two or more persons knowingly act together in the commission of an unlawful act or purpose, then whatever either does in furtherance of such unlawful act or purpose is in law the act and deed of each of such persons."

It is apparent that there is no assumption of fact in the foregoing instruction. Defendant may have meant that the instruction is abstract in that the legal principles there stated are not applied, but are assumed to be applicable, to the facts in evidence. There is no contention that the statements there made are incorrect and when abstract instruction 3 is considered, as it must be, with the state's verdict-directing instruction 1 in which are hypothesized the facts tending to support the charge and to which the principles stated in instruction 3 are applicable, the instruction is not prejudicially erroneous. State v. Dowling, 360 Mo. 746, 230 S.W.2d 691, 694 [6]. Defendant's further contention that instruction 3 constituted "a variance from the information" is without merit. While the amended information on which the case was tried charged defendant with having robbed Knight only, nevertheless, the jury needed the information contained in instruction 3 in order properly to consider the applicability of the evidence as to the acts of defendant's companions on the question of defendant's guilt.

New trial assignment 4 charges that the trial court erred in admitting state's exhibits 1 through 31 on the ground that they were not "properly identified or connected to this defendant." The record shows that there was no objection to many of the state's exhibits and thus we shall consider only those to which objection was made. Exhibit 7 was a pistol and 8 was a shotgun, each of which was identified as similar to one of the pistols and to the shotgun which were used in the robbery. Exhibit 13 was a brown hat which the evidence showed was similar to a brown hat worn by one of the robbers and that it was found in a field close to the abandoned Oldsmobile shortly after the robbery. Exhibit 14 was a picture of the Oldsmobile in which the participants departed from the scene of the robbery taken after the car had been recovered that same morning. Exhibits 15 and 16 were pictures of the same Oldsmobile taken the same morning which showed some clothing in the car, including trousers which had been taken from the poker

players. Exhibit 19 was a picture of the area where one of the participants other than defendant was apprehended which was shown to have been in the general vicinity of the location of the abandoned Oldsmobile. Exhibits 20 and 21 were pictures of the area where defendant and another of the alleged participants were apprehended, a place about two miles from the place where the abandoned cars were found. Exhibit 22 was a picture of the area to show where Don Knight's billfold was found in so far as that location related to the place defendant and another participant were apprehended as shown in Exhibits 20 and 21. Exhibit 24 was a picture showing the area where another of the participants was arrested and was admitted in evidence with the specific limitation that its purpose was to show only the relation of that particular location to locations of objects which had been mentioned in evidence within the general area of the activity of defendant and the others following the robbery. Exhibit 25 was another brown felt hat. The evidence showed that two of the robbers had worn brown felt hats. Exhibit 27 was a picture of the Oldsmobile's front seat showing certain objects which were there when it was found. Exhibit 12 was a pistol which, along with Exhibit 7, the other pistol, was found in the Oldsmobile. Exhibit 28 was the Kansas license plate found in the trunk of the Chevrolet which defendant had placed there the day before the robbery. Exhibit 29 was a photograph of the Chevrolet which the testimony showed defendant had borrowed the day before the robbery from his brother-in-law and which car was found abandoned close to the Oldsmobile in which the robbers departed the scene. Exhibit 30 was a negative of a picture of some fingerprints taken from the Chevrolet which the highway patrolman had sent to a fingerprint expert who said the prints were identical with the left middle and the right ring fingerprints of the defendant.

■ The foregoing description of the exhibits in question shows without further demonstration that each was sufficiently identified and the connection of defendant with each exhibit was sufficiently established, in that each of said exhibits tended to show that defendant was one of a group of four men who jointly robbed Don Knight. See State v. Johnson, Mo., 286 S.W.2d 787, 792 [6–10].

■ New trial assignments 5, that the verdict is against the weight of the evidence, and 7, that another trial free from error would result in defendant's acquittal, preserve nothing for appellate review.

We have found no prejudicial error in connection with those matters which we are required to review upon the record before us, even though defendant has made no allegation of error with respect to them.

The judgment is affirmed.

HOLMAN and HOUSER, CC., concur.

PER CURIAM.

The foregoing opinion by COIL, C., is adopted as the opinion of the court.

All concur.