STATE of Missouri, Respondent,

v.

Virgle Lee JACKSON and William Calvin Worsham, Appellants.

No. 51982.

Supreme Court of Missouri, Division No. 2.

Feb. 13, 1967.

Norman H. Anderson, Atty. Gen., Jefferson City, Selden M. Jones, Sp. Asst. Atty. Gen., Kansas City, for respondent.

Lawrence O. Willbrand, St. Louis, for appellants.

FINCH, Judge.

Both defendants were convicted by a jury of burglary in the second degree. The trial court found that each had three prior felony convictions and sentenced each to a term of ten years' imprisonment. Both have appealed.

In the early morning hours of January 6, 1965, police officers were dispatched to the Metal Goods Corporation building at 8800 Page Road in Overland, St. Louis County, as a result of the sounding of a burglar alarm. Some of the officers, with the aid of a spotlight, observed two persons emerge from a second-story window of the Metal Goods Corporation building onto the roof of a portion of the first story of that building. The two men were kept under observation until, at the direction of the police, they dropped to the ground and were placed under arrest. The two defendants were identified by the police officers as the men who they saw emerge from the second-story window and who were arrested at the scene.

The officers examined the building and found that the window from which the men

emerged had a cracked glass, the lock was sprung and there was a pry mark on the window. A button, identified as a button which was missing from the coat of defendant Jackson, was found on the floor beneath the open window.

Inside the building, the door to the office of the company president had been forced. Drawers in the desk in that room had been pried open. On the third floor various tools, including a hammer, crowbar, small jimmy bar and broken screwdriver, as well as the safe handle, were found on the floor or on a cabinet beneath a wall safe, and there were scraps from the safe insulation on the floor.

Defendants assert only two questions on appeal. First, they claim that Instruction No. 2 was erroneous. It was as follows:

"The Court instructs the jury that the intent with which the act or acts of either of the defendants were done is one of the facts for you to determine from all the evidence in this case. This intent need not be proved by direct and positive testimony; in the absence of such testimony, it may be inferred by you from all the facts and circumstances in evidence having reference to and bearing upon the question of intent, if you believe such facts and circumstances have been proved during the trial of this case."

This instruction, except for the addition of words in the first sentence to make it applicable to more than a single defendant, has been used and approved previously. See Raymond on Instructions, § 3715; State v. Copeman, 186 Mo. 108, 84 S.W. 942. The brief of defendants seems to concede the sufficiency of the instruction in its basic form where there is a single defendant, but asserts that it improperly permits the jury to infer intent of one defendant from acts of the other where there are plural defendants.

■ In the first place, no question is preserved on this appeal with respect to Instruction No. 2. At the trial defendants objected generally to the giving of Instructions 1 through 9, inclusive. No specific objection was made to Instruction No. 2. A motion for new trial was filed raising various issues but there was no reference of any kind to Instruction No. 2.

■ Defendants ask that we review this instruction under Rule 27.20(c), V.A.M.R. On occasion there is misunderstanding as to the scope of that rule. It must not be understood as providing a means of review of all alleged trial error which is not asserted and preserved pursuant to applicable rules. A rule which permitted that practice, if followed, would nullify such requirements completely. Rule 27.20(c) is available and will be applied, as it clearly states, only in cases in which a failure to consider the question would result in "manifest injustice or miscarriage of justice."

■ The contention of defendants with respect to Instruction No. 2 is a technical one. There is nothing to indicate to us that a jury, considering that instruction along with the other instructions in the case, would have been misled. The defendants were caught red-handed leaving the burglarized building together. All the evidence before the jury related to both defendants. We perceive nothing to indicate that the giving of Instruction No. 2 could have resulted in a miscarriage of justice which should cause us to review or consider further the alleged claim of error therein.

■ Defendants' other contention is that the State did not prove the corporate existence of Metal Goods Corporation as alleged in the information. Mr. King, the general credit manager for Metal Goods Corporation, testified that Metal Goods Corporation was a Missouri corporation which owned the building which was burglarized and the contents thereof. This was sufficient. The exact nature of the owner, whether corporate, individual or otherwise, is not material to establishment of guilt or innocence of the defendant. The

evidence was sufficient to show burglary of the premises of another with intent to steal. State v. Sims, Mo., 395 S.W.2d 445 [4]; State v. Dowling, 360 Mo. 746, 230 S.W.2d 691[2, 3].

We find no error in those parts of the record which we are required to examine under Rule 28.02, V.A.M.R.

The judgment is affirmed.

All of the Judges concur.