**STATE of Missouri, Respondent,**

v.

**Willie Floyd HARRIS, Appellant.**

No. 54675.

Supreme Court of Missouri,
Division No. 1.

April 13, 1970.

As Modified April 16, 1970.

John C. Danforth, Atty. Gen., Michael L. Boicourt, Asst. Atty. Gen., Jefferson City, for respondent.

Joseph L. Flynn, Richard W. Mason, St. Joseph, Mo., for appellant.

HOLMAN, Judge.

Defendant was charged with the offense of robbery in the first degree by means of a dangerous and deadly weapon. See §§ 560.120 and 560.135.[1] The amended information also charged two prior felony convictions under the provisions of § 556.280. The jury found defendant guilty as charged and the court fixed his punishment at imprisonment for a term of 18 years. Defendant has appealed from the ensuing judgment.

It is not necessary that we state the facts in detail. Defendant and two other men entered the Beaty Drive In Market in St. Joseph on February 6, 1968, at 8:58 p. m., two minutes before closing time. One of them (Hunter) had a sawed-off shotgun and the other two had pistols. They wore ski masks in an effort to conceal their identity. They announced that it was a "holdup" and made most of the employees lie on the floor. Frank Seippel was in charge of the store at that time. Hunter made Seippel open a a safe and took $3,000 from it. He had threatened to shoot him with the sawed-off shotgun if he did not open the safe.

One of the employees was outside burning empty boxes. He saw the holdup in progress and ran to a nearby home and called the police. The police arrived while defendant and Hunter were still in the store. They attempted to escape but both were shot and captured by the police.

The information originally showed defendant's first name spelled "Willy." After the jury was sworn but before the taking of evidence began the State, with leave of court, amended the information so that said name was spelled "Willie." Defendant had filed some pretrial pro se motions in the case in which he spelled his name "Willie" so that apparently was the correct spelling. There is no merit in defendant's contention that the court erred in permitting that amendment. It was fully authorized by S.Ct. Rule 24.02, V.A.M.R. and the substantial rights of defendant were not prejudiced thereby. State v. Edmonson, Mo.Sup., 309 S.W.2d 616 [5].

Defendant also contends that the court erred in ruling the Second Offender Act applicable since there was no proof that he was the same person as the Willie Floyd Harris named in the exhibit which showed that said person had been convicted of two felonies, sentenced, and placed on probation in the State of Kansas. We rule this point against defendant. We have frequently held that identity of names is prima facie evidence sufficient to establish defendant's identity for the purpose of showing a prior conviction. State v. Madden, Mo.Sup., 394 S.W.2d 317 [5]; State v. Thomas, Mo.Sup., 393 S.W.2d 533 [5]; State v. Martin, Mo.Sup., 395 S.W.2d 97 [9].

It is also defendant's contention that the two foregoing points, when considered in combination, resulted in prejudicial error. He says that if the court had not allowed the amendment of the information the name in the exhibit showing the prior convictions would not have been identical with that in the information and there would not have been sufficient proof to invoke the Second Offender Act. We cannot agree that the court erred in that regard. It did not prejudice the substantial rights of defendant for the court to permit the amendment of the information in order that it charge him by his correct name.

1. All statutory references are to RSMo 1959, V.A.M.S.

■ The remaining point is that the State failed to prove a number of the essential elements of the offense. Most of the deficiencies suggested appear to be tenuous and without substance, but we will briefly discuss each of them. At the outset we should bear in mind that in reviewing contentions of this nature all evidence tending to support the verdict is considered as true and all inferences favorable to the verdict are indulged. State v. Butler, Mo. Sup., 415 S.W.2d 784.

■ The first deficiency suggested is that the State failed to prove that defendant committed the robbery by using a sawed-off shotgun as alleged in the information. It is obvious that defendant fails to recognize the principle, as stated in an instruction given the jury, that "all persons are equally guilty who are present at the scene of an offense and who then knowingly act together with a common intent in the commission of an offense." It was sufficient to show that Hunter used the sawed-off shotgun and that defendant was present and participated in the commission of the offense. State v. Johnson, Mo.Sup., 347 S.W.2d 220 [2].

■ It is next said that the $3,000 mentioned in evidence was not proved to be lawful money of the United States. It is our view that the testimony that Hunter took "Three Thousand Dollars" from the safe is sufficient to prove that it was lawful money of the United States. It is a reasonable inference that when the word "dollars" is used in testimony in this state it refers to United States money.

■ Defendant next contends that there was no proof that the money taken belonged to Beaty Drive In Market. It was established that the identity of the place robbed was the Beaty Drive In Market, Inc. We rule that the fact that the money was in a locked safe on the premises is sufficient to warrant a reasonable inference that it was the property of the market.

■ The next point is that there was no proof that the market was a corporation as alleged. In view of the decision in State v. Hedgpeth, 311 Mo. 452, 278 S.W. 740 [2, 3], we doubt the necessity of such proof. However, we think there was sufficient proof of incorporation. Mr. Seippel referred to his employer as Beaty Drive In Market, Inc. "Inc." is universally understood to be the abbreviation for "Incorporated." We rule that said testimony was sufficient proof, under the circumstances here shown, that the market was a corporation. See § 546.300, and State v. Dowling, 360 Mo. 746, 230 S.W.2d 691 [2].

■ It is also contended that there was no proof that defendant had put Mr. Seippel "in fear of immediate injury to his person." There is no merit in that contention. Mr. Seippel opened the safe at the command of Hunter who was armed with a sawed-off shotgun. "Fear need not be shown expressly." State v. Thompson, Mo. Sup., 299 S.W.2d 468, 474. "A presumption of fear will arise from evidence showing reasonable grounds therefor * * *." 77 C.J.S. Robbery § 45b, p. 487. The fact that Mr. Seippel complied with defendant's demand that he open the safe would indicate that he feared the consequences of his failure to do so. State v. Ray, Mo.Sup., 354 S.W.2d 840.

What we have said in ruling the preceding point will dispose of the contention that there was no proof that the taking was "against the will of Frank Seippel." The circumstances shown were sufficient to prove that fact.

We have disposed of all of defendant's contentions and it is apparent that the judgment should be affirmed. It is so ordered.

SEILER, P. J., and GODFREY, Sp. J., concur.