**STATE of Missouri, Respondent,**

v.

**Rhoda Mae YOUNG, a/k/a Sandra Scott, Appellant.**

**No. 56735.**

Supreme Court of Missouri, Division No. 1.

Feb. 12, 1973.

John C. Danforth, Atty. Gen., Jefferson City, Charles B. Blackmar, Special Asst. Atty. Gen., St. Louis, for respondent.

Keith W. Hazelwood, Clayton, for defendant-appellant.

SEILER, Judge.

Defendant appeals from a jury conviction for first degree robbery by means of a dangerous and deadly weapon and a sentence of five years imprisonment.[1]

Mr. and Mrs. Norman Roethe operated a florist shop in University City. On April 25, 1970, two women, one black and the other white, entered the shop. After looking around briefly, the white woman approached the counter, drew a gun, and demanded money from Mrs. Roethe. The black woman remained near the door during the robbery. Mrs. Roethe and the white woman proceeded to the back room where the money was kept. Mrs. Roethe

handed the money to the white woman who stuffed it into her dress as Mr. Roethe entered the room and was told to put his hands up. The black woman yelled: "Make them come out here with their hands up." The Roethes returned to the store area and stood in front of the counter. The black woman was medium height, thin, and wearing a bright orange dress. The white woman had long blonde hair and wore a white dress. The women backed to the front door, with the gun drawn and fled with approximately $120.-00.

Mr. Roethe testified he told his wife to call the police and then followed the robbers out of the shop. He saw the two women and two black men get into a light blue, late model Ford already occupied by a fifth person.

The police dispatcher testified, over objection, as to information he received and broadcast. One item he included in his broadcast was a license number. Officer Corea saw an automobile which matched the broadcast description, including the license, stopped the car and arrested the five occupants. At the police station, a gun was found in the clothing of the white woman and a roll of money containing $120.00 was found in the clothing of the black woman, the present defendant.

First, defendant contends the trial court committed prejudicial error in allowing the police dispatcher to relate before the jury the license number which he included in his broadcast; that this was no more than hearsay which connected defendant with a car reported to have been observed at the scene bearing this license, despite the fact the dispatcher had no personal knowledge on the subject, nor did the state ever prove that the license number the dispatcher used was the same number as observed at the scene.

The state maintains that the information was offered to explain the basis for the

1. The case was pending here on January 1, 1972 when the judicial amendment to the Constitution of Missouri, V.A.M.S., took effect.

conclusion of the police that they had probable cause to stop the automobile in which defendant was riding. State v. McRoberts, Mo., Division Two, 485 S.W.2d 70, decided October 9, 1972. The state's position has no application here. In the case before us here there had been a pretrial motion to suppress which raised the issue of probable cause and which was overruled by the court. That issue was not material or relevant for the jury, having been finally determined except for appellate review, if preserved. State v. Kirkland, 471 S.W.2d 191, 194 (Mo.1971).

■ Defendant was correct that the broadcast of the license number was hearsay with respect to the trial on the merits and the trial court erred in allowing the radio dispatcher to testify before the jury as to that number, but, from the facts in this case, the statement did not prejudice the defendant and does not vitiate the jury verdict in light of the victims' testimony, the line-up identification, the roll of money found hidden on defendant's person shortly after the robbery, and her voluntary statement: "You got us. What more do you want?" The contention is overruled.

■ The trial court gave an instruction on first degree robbery by means of a dangerous and deadly weapon using conventional form and language. Defendant's second contention is that the trial court erred in refusing to give two defense instructions which split the court's instruction into two parts, the first being an instruction on first degree robbery and the second being an instruction on first degree robbery by means of a dangerous and deadly weapon, on the theory that, under the facts, the jury may well have been convinced that the action taken by the companion offender in producing a dangerous and deadly weapon was not anticipated and defendant had no part in that development. The trial court properly instructed the jury. The contention is overruled. The general rule is that a defendant is liable for the actions of his co-perpetrator in a crime as well as his own actions. State v. Thompson, 299 S.W.2d 468, 474 (Mo.1957). The evidence was sufficient to support the jury finding that defendant, acting jointly with the armed white woman, robbed the Roethes' shop, and it is not essential that defendant actually took the money or wielded the gun. State v. Moton, 476 S.W.2d 785, 787 (Mo.1972). It is sufficient to show that defendant was present and participated in the commission of the offense. State v. Harris, 452 S.W.2d 577, 579 (Mo.1970); State v. Johnson, 347 S.W.2d 220, 222 (Mo.1961).

The judgment of the trial court is affirmed.

All of the Judges concur.