**STATE of Missouri, Respondent,**

v.

**James Glade HAMAKER, Appellant.**

**No. KCD 27471.**

Missouri Court of Appeals,
Kansas City District.

June 2, 1975.

R. E. Moulthrop, Bethany, for appellant.

H. M. Kilpatrick, Bethany, for respondent.

Before WASSERSTROM, P. J., and SHANGLER and DIXON, JJ.

WASSERSTROM, Presiding Judge.

Defendant appeals from a misdemeanor conviction of driving while intoxicated. A jury rendered the verdict of guilty and assessed punishment of a fine of $100.00.

Between the hours of 10:15 and 10:30 P.M. on the evening of September 14, 1973, defendant was operating a tractor-trailer unit near Bethany, Missouri. Shortly after turning east on Highway 136 from its junction with Highway 69, the unit ran onto the shoulder of the road and became mired in mud. Defendant began to radio for assist-

ance when a passerby, George Jinks, stopped alongside within no more than a very few minutes to offer his aid. The Jinks vehicle was situated in the eastbound lane of Highway 136 with taillights flashing. Defendant then put his tractor into gear and pulled his unit completely off the road, but before anything further could transpire, Mr. Jink's car was struck in the rear by a second automobile operated by Richard Warner. Highway Patrolmen were summoned at 10:30 P.M. and arrived shortly thereafter, followed within 5 or 10 minutes by City police officers from Bethany. During the ensuing police investigation, defendant was placed under arrest for driving while intoxicated.

The first two points proffered in this appeal are substantially similar and will be considered together. Defendant claims there was insufficient evidence from which to find that he was intoxicated while actually operating his vehicle, and that any finding to that effect must have been impermissibly based solely on the disbelief of his testimony. In support of this argument, defendant stresses his own testimony which firmly denied any alcoholic consumption prior to the accident. It was, according to defendant, only after his tractor-trailer became stuck and while he was waiting for the troopers to arrive that he partook of five or six cans of beer. This testimony, it is claimed, provided the only affirmative evidence as to when his drinking took place, and therefore the State's case respecting this element was insufficient of itself and rested totally on a disbelief of defendant. In reviewing the evidence respecting these contentions, this court will consider as true all evidence favorable to the verdict, together with all favorable inferences reasonably drawn therefrom, and reject all evidence and inferences to the contrary. State v. Chester, 445 S.W.2d 393, 397 (Mo.App. 1969); State v. Reed, 453 S.W.2d 946 (Mo. 1970); and State v. Harris, 452 S.W.2d 577 (Mo.1970).

█ While it is true that disbelief of a defendant's testimony does not constitute substantive proof of a material issue [State v. Dodson, 496 S.W.2d 272, 275 (Mo.App. 1973) and State v. Taylor, 422 S.W.2d 633, 638 (Mo.1968)], defendant's testimony here was far from being the only evidence on the issue. The testimony by witnesses who observed defendant *at the scene* evidenced that he was intoxicated when he first got out of his tractor immediately after the accident. Highway Patrolman Jack Hooker arrived at the scene of the accident approximately fifteen minutes after its occurrence. As he began his investigation, Trooper Hooker detected an odor of alcohol about defendant as well as rapid slurred speech and a staggered walk. Bethany police officer Donald Stockwell also arrived at the scene shortly after the accident and also made similar observations at that time of defendant having liquor on his breath, being very talkative, "prancing around," and staggering some of the time. Mr. Warner added to these descriptions his perception of the odor of beer about defendant moments after the collision. This evidence alone serves to distinguish Dodson and Taylor. State v. Milligan, 516 S.W.2d 795, 798 (Mo. App.1974).

Moreover, Trooper Hooker testified that during his interrogation of defendant at patrol headquarters the latter admitted consuming a certain quantity of beer prior to his departure from Kansas City. As in State v. Chester, supra, a case very much in point, the jury was privileged to accept this testimony and fairly conclude that defendant was intoxicated before his truck ran aground. Thus the conviction did not rest merely upon a disbelief of the defendant's testimony, but rather is supported by other and substantial evidence.

█ Defendant's final point postulates error in the admission of Breathalyzer results without an adequate foundation, and in the consequent giving of Instruction 6 (charging the jury as to the inference which

may be drawn from such results). All of defendant's specific complaints revolve around the testimony, or lack thereof, of Trooper Hooker. First faulted is the failure of the officer to indicate that the machine was functioning properly on the night of arrest. There was, however, testimony by Trooper Rex Barnett that the Breathalyzer was working properly at the regular monthly inspections on August 28, 1973 (17 days before the arrest) and on September 22, 1973 (8 days after the arrest). No fact or implication was adduced that would indicate any malfunctioning between the dates of those inspections, and therefore Trooper Barnett's testimony was sufficient to prove proper functioning during the period in question.

■ Nor is there merit to defendant's seeming quarrel with Trooper Hooker's expressed lack of familiarity with the metric system. The trooper stated, without objection, that as the holder of a Type III permit he is authorized by the Division of Health to conduct tests on the Breathalyzer. Thus the statutory foundation respecting the testing officer's qualifications was complied with, § 564.441 subd. 2, RSMo 1969, V.A.M.S., and nothing has been cited or found which would require an additional expertise in the area of the metric system.

Defendant particularly emphasizes under this point the admission by Trooper Hooker during cross-examination that he was not familiar with all of the rules promulgated by the Department of Health relating to these tests. Defendant argues that because of this and a lack of direct testimony that the specified procedures had been followed, the dictates of State v. Sinclair, 474 S.W.2d 865 (Mo.App.1971), have not been met.

■ In *Sinclair*, a conviction for drunken driving was reversed and remanded for failure to show that a testing method approved by the Division of Health was employed. That case, however, must be distinguished

for the same reasons expressed in State v. Milligan, supra, l. c. 797, 798:

"A careful examination of *Sinclair* demonstrates, however, that there was absolutely no effort made to introduce any evidence of the type of machine or the manner of administration of the test. In fact, the State's evidence showed that it was unable to prove by any competent evidence the conversion of the specified test results from blood alcohol by volume to blood alcohol by weight."

The record at bar is replete with references to the type and description of the machine used in examining defendant, and Trooper Hooker testified in detail respecting the manner in which the test was administered. Likewise, there is no problem at bar with the proper expression of test results.

Although Trooper Hooker failed to affirmatively state from the witness stand that he was familiar with all the applicable rules and that his procedures were approved thereby, other evidence was introduced which did supply the necessary foundation. At the instance of defense counsel, a "check list" used by Trooper Hooker in performing the test was placed in evidence without qualification. On one side of the document the trooper certified "[t]here was no deviation from procedures outlined by the manufacturer and those approved by the Division of Health." Defendant also introduced, again without qualification, the rules of the Division of Health. Nothing there contained nor in the record before this court indicates that the methods used by Trooper Hooker were other than as certified by him and which did comply with the applicable rules. This last point therefore fails. See State v. Barker, 490, S.W.2d 263, 272 (Mo.App.1973) and State v. Milligan, supra, l. c. 798.

Judgment affirmed.

All concur.